THE LAW OFFICE OF

# ELISA HYMAN, P.C.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/8/2024

March 6, 2024

**BY ECF**
Hon. Jennifer H. Rearden
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Application GRANTED.  The parties' deadline to file the joint letter is extended to **Friday, March 29, 2024**.  Defendants' time to respond to the Complaint is extended to **Friday, April 5, 2024**.  The Clerk of Court is directed to terminate ECF No. 15.  SO ORDERED.

Jennifer H. Rearden, U.S.D.J.
Dated: March 8, 2024

Re:    L.H. *v. New York City Dep't of Educ., et al.*
        23-cv-10955-(JRH)

Dear Judge Rearden:

I am counsel for the Plaintiff in the above-referenced matter. I write jointly with Defendants' counsel on behalf of both parties to request an extension of time to file the joint letter as per Your Honor's Order. ECF Nos. 8, 13, 14.  The parties are requesting an extension of time to March 29, 2024. This is the parties' second joint request to extend the time to file the Joint Letter. Further, Defendants are requesting an extension of time to file their response to Plaintiffs' complaint, an application to which Plaintiffs consent.  This is Defendants' second request to extend their time to respond. The reasons for these applications are below.

This action was brought by L.H., a parent, on behalf of herself and her minor child, E.H. a student with disabilities, under, *inter alia*, the IDEA, 20 U.S.C. § 1400, *et seq*., Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 ("Section 504"). *See* Complaint (Docket No. 1).  The New York City Department of Education, the Board of Education of the City School District of the City of New York, Chancellor David Banks, in his official capacity, and the City of New York are Defendants.[1] The IDEA claims in this case that have already been administratively exhausted concern the 2019-2020 and 2020-2021 school years ("SY"s), which were the subject of a split decision of an impartial hearing officer ("IHO") ("IHD"), ruling for the DOE in 2019-2020 SY and for L.H. for the 2020-2021 SY. L.H. raises here the following categories of claims: (I) she appeals the  decision of the New York State Review Officer ("SRO") affirming the ruling in the IHD for the DOE concerning the 2019-2020 SY; (II) enforcement of the relief awarded by the IHO that was not appealed; (IIV) alleged ongoing violations of the IDEA's stay-put provision, 20

---

[1] For purposes of this letter and convenience, both the DOE and all Defendants collectively will be referred to either as "Defendants" or the "DOE."  However, there are distinctions between the various Defendants and their roles that are alleged in the Complaint.

U.S.C. §1415(j); (IV) systemic IDEA claims and claims pursuant to Section 504 and Section 1983; (V) attorney's fees and costs under the IDEA.  Plaintiff asserts that Category I claims were exhausted, and the remainder of the claims do not need to be or cannot be exhausted.

The DOE denies any liability and reserves all defenses and objections to her characterization of the facts and claims and assert that the SRO decision should be upheld.

Due to the nature of the case, the parties are respectfully requesting some additional time to determine whether they can move all or some of the claims onto a settlement track. To facilitate settlement, Plaintiffs have requested a "service accounting" identifying the DOE's calculation of: (a) the number of hours of compensatory education that L.H. was awarded and the size of any bank the DOE created as per the IHO in the IHD; (b) the DOE's position on the number of pendency service hours that were provided/funded since the IHD was issued and whether any services are owed.  Plaintiffs have requested this information because we believe it could help inform a potential settlement process. Defendants are considering this request.

Toward this end, during preliminary discussions, the parties have identified that they will have disputes about discovery, including whether it is warranted at all,  as well as the timing and scope of discovery if it is permitted, which are disputes that we will have to submit to the Court. Further, Defendants are considering whether to file a motion to dismiss in response to the Complaint.

After discussions about these topics, the parties agreed that it would be helpful if Defendants had more time to respond to the Complaint, provided that the parties used that time to try to determine whether we can move the case to a settlement track. Thus, Defendants are requesting a second extension of time to answer the complaint, from March 8, 2024 (ECF Nos. 13, 14) to April 5, 2024.  For the reasons stated herein, Plaintiffs consent.

At this time, the parties are not requesting a settlement conference with Magistrate Judge Netburn, although we may consider it if (a) we agree to pursue settlement; and (b) are unable to make progress on our own.

Thank you for Your Honor's consideration of the above.

Respectfully submitted,

/s/
Elisa Hyman, Esq.

cc:    Attorneys of Record

(via ECF)